IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Plaintiff,

vs.

CA. REAL ESTATE
COMMISSIONER DAVI,

    Defendant.
_____/

No. CIV S-08-2842 GEB EFB PS

<u>ORDER</u>

On December 31, 2008, this court deferred consideration of plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, pending plaintiff's filing of a formal and completed application. He timely filed his application and affidavit which demonstrate that he is unable to prepay fees and costs or give security therefor. Accordingly, his request to proceed *in forma pauperis* will be granted.

Determining that plaintiff is unable to prepay the fees does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss an *in forma pauperis* case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

The court's prior order raised the following concerns with plaintiff's complaint:

> The court notes . . . that the instant action bears striking similarity to plaintiff's complaint filed June 5, 2006, upon which an adverse judgment was entered on January 4, 2008, dismissing the action because barred by the *Rooker-Feldman* doctrine. *See Sherman v. Ca Real Estate Commissioner Davi*, Civ. S-06-1217 GEB GGH PS. While plaintiff seeks to distinguish the instant case based on "subsequent violative acts" and a "Continuing Violation Doctrine," it is not immediately clear that the alleged distinctions can survive this court's initial screening of the complaint based on principles of *res judicata*, Eleventh Amendment immunity, and the *Rooker-Feldman* doctrine. The court may not, however, screen the complaint absent approval of plaintiff's request to proceed *in forma pauperis.*

Order filed December 31, 2008, at pp. 1-2. Those concerns remain. Review of the complaint, reveals that *res judicata*[1] precludes most of plaintiff's claims. Moreover, plaintiff has failed to establish this court's subject matter jurisdiction, nor has he stated a claim regarding the challenged conduct that occurred subsequent to the court's most recent decision on these matters. Plaintiff states, "Complaint is for violative acts subsequent to a previous complaint filed in 2006 against Defendant, as well as for the violative acts included in the previous complaint. Subsequent acts are included herein pursuant to the Continuing Violation Doctrine." Compl., ¶ 10.

The gist of plaintiff's claims center on his inability to obtain a real estate license due to prior scrapes with the law. Count I alleges that plaintiff's real estate broker's license was unjustly denied on June 28, 2008, and that his salesman's license unjustly revoked on August 31, 2004, based on findings of moral turpitude stemming from a 2003 conviction for misdemeanor battery, for which plaintiff claims he was falsely convicted. The battery incident allegedly "occurred on Yolobus, where a passenger . . . attempted to start a fight with [plaintiff] and would

---

[1] " *Res judicata* ensures the finality of decisions. Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Res judicata* thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citations and internal quotations omitted).

not let him go by to take a seat," and the conviction was "an attempt to whitewash a conspiracy of Yolobus against [plaintiff]." As for the broker's license, plaintiff states that he passed the broker's exam on October 28, 2003, and paid the required fees, but was placed on a three-year probationary period "according to the unconst. decisions of Defendant & admin. law judge." Plaintiff claims that the "deprivation of [his] licenses violated his Fourteenth Amend. due process rights, denying him of his property, a protected liberty interest." Compl., ¶¶ 11-14.

Count II alleges violations of plaintiff's due process and equal protection rights by defendant's October 2007 "refusal to issue [plaintiff's] licenses, despite the expiration of the 3 year revocation decisions as of June & Aug. 2007." *Id*., ¶¶ 15-17.

Count III alleges further denial of plaintiff's constitutional rights, particularly his "Fourteenth Amend. equal protection rights protecting him from conspiracies involving discrimination of government officials, harassment, & oppression," based on an alleged "conspiracy involving the Davis police, Yolo d.a., Yolobus, several Yolo County judges, & others." *Id*., ¶¶ 18-20.

Plaintiff alleges significant personal damages, including the unjust deprivation of his career and income, and hardships associated with unemployment, "including hunger, lack of safety, & at times exposure to the elements. . ." *Id*., ¶¶ 21-27. He seeks the following remedies:

> Defendant shall be ordered to issue Ca. broker's license at once, & to cease & refrain from any further unjust denial or revocation of Plaintiff's license both now & in the future; said broker's license shall be issued without any additional prerequisites or limitations, such as re-taking of broker's exam or additional payments of fees; [plaintiff] already paid Defendant a total of approx. $500 for exam fee & license fee, & already passed the broker exam;
>
> Costs incurred from instant law suit, previous state court appeals & actions that were necessitated by violative acts of Defendant , & any further relief Court deems appropriate & just.

Compl., ¶¶ 28, 29.

////

////

In plaintiff's prior similar case before this court, *Sherman v. Ca Real Estate Commissioner Davi*, Civ. S-06-1217 GEB GGH PS, the court applied the *Rooker-Feldman* doctrine to dismiss, with prejudice, plaintiff's challenges to the December 8, 2004 judgment of the Sacramento County Superior Court denying plaintiff's petition for writ of mandate to reverse defendant's order revoking plaintiff's real estate salesperson's license and denial of his real estate broker's application. Sac. Sup. Ct. Case No. 04CS00919. That judgment was unsuccessfully challenged in two state appellate court proceedings. California Court of Appeal, Third Appellate District, Case Nos. C048372 and C051750. *See generally,* exhibits set forth in Defendant Real Estate Commissioner's Request For Judicial Notice, filed June 6, 2007 [15], in Case No. Civ. S-06-1217 GEB GGH PS. Because plaintiff asked this court for relief from state court judgments based on alleged "state court errors," the court found that it lacked subject matter jurisdiction based on the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

The only subsequent conduct challenged in the present case is plaintiff's contention that his "real estate broker's license was unjustly denied on approx. 28 June 2008," apparently referencing plaintiff's expectation that "[u]njust deprivation was to be for a 3 year period." Complaint, at ¶ 11. Plaintiff asserts these facts are actionable based on the "continuing violation doctrine."

Even assuming the complaint is not barred by the *Rooker-Feldman* doctrine and/or *res judicata*, other aspects of the complaint require clarification. The "continuing violation doctrine" as generally applied, authorizes employees in a Title VII action to recover on a theory of hostile work environment for acts occurring outside the limitations period, provided that at least one act occurred within the limitations period. The "continuing violation doctrine" is distinguishable from "discrete acts" associated with instances of "termination, failure to promote, denial of transfer, [and] refusal to hire," each of which triggers a new EEOC charging

4

period. *See National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 114 (2002). Application of this doctrine to the recently challenged conduct alleged in this case is not apparent. If plaintiff is attempting to apply the doctrine to excuse noncompliance with an applicable statute of limitations, he must so specify and articulate at least some basis fo how the doctrine has application here.

Additionally, if plaintiff's challenge to the Commissioner's June 2008 decision is made pursuant to 42 U.S.C. § 1983, as suggested by the content of his constitutional challenges, he must so state, and set forth why the injunctive relief he seeks is not barred by the Eleventh Amendment immunity accorded state agencies. *See, e.g., Hason v. Medical Board of California,* 279 F.3d 1167, 1171 (9th Cir. 2002) (*citing Ex Parte Young*, 209 U.S. 123 (1908)).

Accordingly, plaintiff will be given the opportunity to file a third amended complaint that both establishes this court's subject matter jurisdiction and states a viable claim. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, "'the pleading must contain something more . . . than . . .a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1965 (2007) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* 1216, pp. 235-235 (3d ed. 2004)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted). Additionally, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Finally, Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* is granted; and,

2. Plaintiff's complaint is dismissed with leave to file, within thirty days of the filing date of this order, a third amended complaint that conforms with the requirements set forth herein.

DATED: May 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE